Number 221687 United States versus Angel Manuel Menendez-Montalvo. At this time would counsel for the appellant introduce himself on the record to begin. Good morning may it please the court my name is Samuel Carrion and I represent the appellant Angel Menendez-Montalvo. With the court's permission I'd like to reserve two minutes for rebuttal. Yes you may. Thank you your honor. Article 3.1 of Puerto Rico's Domestic Violence Intervention and Prevention Act is a catch-all statute that criminalizes a broad array of conduct. What it is not is a crime of violence under the sentencing guidelines. This is so because the statute is overbroad, it's indivisible, and it encompasses a culpable mental state of recklessness. Now this court in Colón Maldonado questioned whether or not article 3.1 was in fact divisible and whether the force required to violate it was violent. Now the court didn't need to answer those questions to render its decision in that case but it can do so today. If the court agrees with any one of Mr. Menendez's contentions then he will prevail. In discussing the issue of overbreadth I think it's important to note that the authorities, the Puerto Rico authorities that we cite in our brief, discuss the public policy behind article 3.1. This was a statute that at the time was innovative. I believe it was passed in 1989 in the sense that it encompassed damage or harm that went beyond physical force or physical harm. In fact in one of the state authorities, Figueroa Santana, which is on page 40 of our addendum, the court notes that the legislative intent was to ensure that all that any assault between partners, domestic relationships, however insignificant they might seem, were brought under the statute. And so these crimes which would be otherwise characterized as small or minor were now criminalized under the statute. Counsel, may I ask you this question please? I mean this is a very confounding area of the law. I mean it's become sort of maddeningly complex, frankly, partly because of the elusive distinction between what is an element and what is the means of committing a crime. But I look at this statute and to me there is such a significant difference between physical force, which is one type of or you have psychological abuse, intimidation, or persecution. That conduct that we see after or strikes me as so different from physical force that I would read these as very different crimes. If you engage in physical force, that's one form of crime. If you use psychological abuse, intimidation, that's something so different that I don't think we have here different means of committing the same crime. These seem to me like very different crimes. And so to me arguably what you have here is a divisible statute. These are different elements, if you will. Is that the wrong way to read this statute? Well, Your Honor, I think the problem that that interpretation runs into is that the state court authorities here are insufficiently clear in the sense that Taylor requires a degree of certainty. And in this case we have Ayala Garcia Supreme Court of Puerto Rico case listing three elements and not making the distinction among the physical and non-physical alternatives that they are indeed discrete elements. We also have Figueroa-Santana, which is on page 35 of our addendum, Rodon Lopez at 44, listing three elements but again not making a distinction that those alternatives are something that a jury would have to find beyond a reasonable doubt or something that a defendant would necessarily have to admit to when pleading guilty. And I think because of that lack of clarity, the court should not find that this is a divisible statute. Has your Supreme Court been presented with the divisible, indivisible argument in any way? The Puerto Rico Supreme Court? Yes. No, and I will note that Rio Salonzo, which is in the government's addendum, I believe at seven, talks about there can be circumstances when someone uses physical force not to cause physical harm but rather to cause serious emotional harm. And so taken to its logical end, and this brings me back to the statute being overbroad, if we have physical force that causes serious emotional harm only, then that type of force is not Johnson violent force. And even if the statute were divisible, as Judge Lopez was noting, in terms of the violent and or the physical and non-physical elements, we'd still be brought back to what the Supreme Court has said about what degree of force is Supreme Court. Rodan Lopez says any kind of physical force, moderate or severe, is sufficient. And also Ayala Garcia says that any assault, any assault meaning every assault. And if we take that at its meaning, the most serious assault but also the least serious assault. And that's why we cite we cite People v. Santana Morales, which is a case that deals with Puerto Rico's simple assault statute. And in that case, the court noted that offensive touching is part of Puerto Rico's simple assault. And that if someone were to violate the simple assault statute, all that would need to be proven is that the person by any means or form inflicted injury to another's bodily integrity. That notion of injury to bodily integrity is a very nuanced and discrete type of harm. It's not the typical physical harm that one would think is encompassed by an assault statute. For that reason, not only is the type of abuse here defined very broadly, but the type of harm here is defined. So are you are you saying that even if this can be read as a statute that has different elements, physical force, psychological abuse, because of the way the Puerto Rico Supreme Court has read the physical force element, it seems to have said that even de minimis physical force that would not meet the Johnson standard of violence, that that would suffice to prove the physical force element of the statute and hence physical force does not under the Puerto Rico statute does not meet the definition of a crime of violence. Do I understand you to be making that that argument? That's right, Your Honor. That is the argument that I'm making. And I think that that finds support when we not only look at collectively the cases that we cite, also the discussion in those cases by the Supreme Court of Puerto Rico about the legislative intent of this statute. So in that in that sense, that's why you say this is not only overly broad, it is indivisible because there is not a an element that meets the federal definition of a crime of violence. Is that your is that your argument? Yes, Your Honor. That's correct. And and if I can return to the issue of divisibility again, I will note that the government cites that in the jury instructions, there are brackets that would seem to indicate that these are these alternatives are discrete elements and that a jury might have to find them. But that bracket argument, well, I see that I'm out of time. I'd like to hear an answer to that. Thank you, Your Honor. That bracket argument again runs back into the problem of overbreadth, because in the third element in the jury instruction, you have physical harm to the person in the same bracket as or to the person's property. And then we also have in a separate bracket, serious emotional harm. So again, one could use physical force to harm property. One could use physical force to cause serious emotional harm. And that would again be outside of the of what a federal crime of violence is. And if I could just say in conclusion, this was not an academic error. The guidelines range spiked from six to 12 months to 15 to 21 months. Mr. Menendez ultimately was sentenced to 18 months, a sentence that was actually longer than the substantive sentence for his underlying state offense. Thank you. And what is the status of that sentence right now? Yes, Judge Cariota, he is actually serving his federal supervised release sentence, and he is set to be released in early March of 2024. You mean from state custody? No, he's actually now he's in federal custody and he's serving the sentence for this supervised release violation. He's already served the sentence in state court. So he's in federal prison? Or he's on supervised release? I believe he's in federal custody and he's set to extinguish his sentence in March. He'll be released in March of next year. And when would he be released if you're correct? Potentially he could be released, I would imagine, as soon as as soon as it's remanded and if he's resentenced to a guideline sentence. Thank you. Thank you, Your Honor. Thank you, counsel. At this time, would the counsel for the appellee please introduce himself on the record to begin? Maple Leafs Court, Thomas Klumper on behalf of the United States. In answer to the question that you just were, that you were just asking, he's going to be March 8th, my understanding, 2024. And that he's in a residential community facility right now. And he has no supervised release term pending afterwards. That's my question. Thank you. In this case, it's the government's position that it is a divisible statute, as Judge Lopez has indicated, the harm. And that's why we cite Alred as part of that position and that the Supreme Court has even looked at in chambers, cited in Alred, is that there are two distinct type of crimes going on. One is a physical type one. The other one is emotional. And it actually is more out in the case of Ijala Garcia. What do they state? They actually state several facts to the effect that elements, they use elements for the emotional aspect for it in this case, emotional and psychological abuse. So they do state elements when they talk about intimidation and psychological. It seems your problem is even if we find it's divisible, then we just take the physical side of the divisible statute and follow it down. If we compare what Puerto Rico's courts have said about the degree of force required with our holding in Mulkern and the Supreme Court holding in Johnson, it seems you've got a gap there. I disagree. I think what happens is Supreme Court case, the one that actually went on the site, it says, is defined as requiring the physical force that has been with intent to cause harm. So that is more than just mere touching. It states harm. And in this case, it says any kind. It says yes, moderate or severe. If you look at page 45 of the addendum, the opinion of Goldar. Johnson force must be violent force, right? Well, no. What it states is capable of causing physical harm. And how is the Puerto Rican, I think, under Puerto Rican law, isn't any force sufficient? And didn't we say in Mulkern that any force is not Johnson force? My understanding is it didn't say, I guess, any kind of physical force, moderate or severe. So it didn't limit it to minor or whatever. So it does say moderate or severe. And that's our position in that being harm is capable of causing an injury or what is required. But any force isn't Johnson force. A force capable. And that's what it says, a force capable of a physical force that has been used to intend to cause harm. Let me ask you this way. Do you read Johnson as encompassing any force at all? Any physical force, no matter how small? I think not. No. Okay. And then we've got Puerto Rico in the Rodan-Lopez case saying that in the Puerto Rican Article 3.1, any gradation of physical force is sufficient. So there's your gap. We agree that under Johnson, you don't go down to near zero. Any is not sufficient. Puerto Rico says any is sufficient. And William O'Kerren said the word any is a powerful beacon to us. You're making clear it doesn't require a showing of force capable of causing pain or injury. Well, my understanding of the reading. It seems straightforward. Well, my understanding is it says cause physical harm. I mean, how can we. Puerto Rico doesn't require. That's what the statute requires, physical harm. If you read the jury instructions itself, it says in order to cause physical harm to the person. And that, if you look at page two of our agenda. So how do we reconcile that with Rodan-Lopez? Well, I think in that Rodan-Lopez, like I say, it was not clear because it did say moderate or severe. It did not say just even minor or any. Because you have to remember what Johnson stated was it doesn't depend on like, how can I say it? If you look at Scalia, even a cut or any type of harm can be considered a crime of violence. And that's what Scalia stated in a decision under Johnson. So you're saying we should read any gradation as not really meaning any gradation, but rather any gradation that is at least moderate. Correct, Your Honor. And that is our position. Any other question? Then we rest on our break. Thank you. Thank you, counsel. At this time, would counsel for the appellant reintroduce himself back on the record? He has a two-minute rebuttal. Good morning again, Your Honor. Samuel Carrion on behalf of Angel Menendez Montalvo, the appellant. I just have one point regarding Ayala Garcia. It's my understanding that the court, this is on page 12 of the addendum, said that any degree of force is sufficient to configure the offense if employed with the intention of causing some damage. And if we look at not only damage in the sense that simple assault can cause damage to bodily integrity, not necessarily a physical injury, then that is again outside of a federal crime of violence. But also the statute itself contemplates damage to property with the intention of causing damage to property or the intention to cause serious emotional harm. And so if physical force is used to cause serious emotional harm, we cannot make that inferential jump to believe that this is violent force necessarily. And without that certainty, the court cannot categorically determine that Article 3.1 is a crime of violence. If there are no more questions, I would address on the briefs. Thank you. Thank you. Thank you, counsel. That concludes argument in this case. All rise. The court will take a brief